THOMPSON *versus* JONES.

1. It is competent for a party when sued before a justice of the peace, for a sum over twenty dollars, to prove by his own oath a set-off to the plaintiff's demand, provided the set-off does not exceed twenty dollars.
2. But a defendant will not be permitted, after judgment has been rendered against him by a magistrate, for a sum exceeding twenty dollars, to pay a part, so as to reduce the claim below that amount, and take the case into another court by appeal, and claim the benefit of his own oath, so as to swear off the balance.

This was an action brought, by Jones, before a justice of the peace of Pickens county, to recover of Thompson the sum of twenty dollars and fifty cents. The plaintiff obtained a judgment for twenty dollars thirty seven cents, of which the defendant paid all except about eight dollars. The defendant subsequently took the case into the County Court, by *certiorari*, and by his own oath, swore off the balance. The Circuit Court having reversed this judgment, the case was brought up here, and the judgment of the Circuit Court assigned as erroneous.

*Shortridge,* for Plaintiff— *Vandegraaf, contra.*

LIPSCOMB, C. J.—This cause was originally commenced by Jones, the defendant in error, to recover from Thompson, the plaintiff in error, the sum of twenty dollars and fifty cents, before a justice of the peace, for the county of Pickens. Jones recovered judgment against Thompson for twenty dollars and thirty-seven and one-half cents. Thompson paid all of the judgment but seven or eight dollars, and then obtained a *certiorari* from the Judge of the County Court, on the ground that the judgment of the justice of the peace was for more than he owed the plaintiff below, by the amount that remained unpaid. On the trial before the County Court, the Judge permitted Thompson to give testimony for himself, although objected to by the opposite party, and judgment was rendered in the County Court in favor of the defendant, on his own oath. A writ of error was taken to the Circuit court, and there the judgment of the County court reversed, and the cause now comes before us on a writ of error from the judgment of the Circuit Court.

The suit was for a sum over twenty dollars. Parties are not allowed to give testimony in their own causes, when the matter in controversy is over twenty dollars. It would, however, have been competent for the defendant, when sued for a sum over twenty dollars, to have proved by his own oath a set-off to plaintiff's demand, provided the set-off did not exceed twenty dollars ; but he could not be permitted to controvert the plaintiff's demand by his own oath. When the judgment rendered by the justice of the peace, was removed into the Circuit Court by a *cer-*

*tiorari*, it stood there for trial as if it had been taken by appeal, and it was to be tried *de novo.*

Testimony that would have been inadmissible before the justice of the peace, would be equally so in the County Court. A defendant cannot be permitted, after judgment has been rendered against him by a justice of the peace, for a sum exceeding twenty dollars, to pay a part of it, sufficient to reduce the amount under twenty dollars, take it to a higher court by an appeal or *certiorari*, and swear off the balance. It is to be regretted that the plaintiff had not submitted to the judgment of the Circuit Court, that was so clearly right. By bringing the cause up here, he has incurred an expense greatly above the balance due on the judgment rendered by the justice of the peace.

Let the judgment of the Circuit Court, reversing the judgment of the County Court, be affirmed, and the cause remanded to the County Court.